Date signed May 25, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| SASAN FOROUTAN : | Case No. 08-25594PM |
| : | Chapter 7 |
| Debtor : | |
| ------------------------------- : | |
| MICHAEL G. WOLFF, Trustee : | |
| Plaintiff : | |
| vs. : | Adversary No. 09-0279PM |
| : | |
| SASAN FOROUTAN : | |
| MITRA FOROUTAN : | |
| Defendants : | |
| ------------------------------- : | |

## SUPPLEMENTAL
## MEMORANDUM OF DECISION

This is to supplement the Memorandum of Decision entered March 12, 2010. The prior Memorandum dealt with Counts I, III, IV and V, in part, of the Complaint. For the reasons stated in the prior Memorandum, the court dismissed Count I of the Complaint that sought a denial of Debtor's discharge. With respect to Count III, the court found that Debtor's conveyance of his one-half interest in the premises known as 6980 Hanover Parkway, Unit 302, Greenbelt, Maryland, 20770, was a fraudulent conveyance and found, under the facts elicited at trial, that the Trustee is entitled to the value of the property, that is, one-half of the equity in the property, or $39,994.86. Likewise, with respect to Count IV, the court found that the Trustee is entitled to recover the agreed value of $2,600.00 of the 2000 Toyota 4Runner that Debtor gave to

the Defendant, Mitra Foroutan ("Mitra").

The prior Memorandum, however, did not encompass Count II of the Complaint that deals with Debtor's conveyance of a one-half interest in property known as 14603 Argos Place, Upper Marlboro, Maryland, 20774, to Mitra as a co-tenant by the entirety. As with the transfer of the Hanover Parkway property, the court finds that the transfer was not made with intent to hinder, delay or defraud any creditor. There was no evidence to allow the court to rule otherwise, nor did the Trustee prove that any value flowed to Mitra as a result of the transfer of the Debtor's half interest in property in which he had no equity. The Trustee, as the Plaintiff, failed to sustain his burden of proof as to the value of what was transferred. *See In re Crystal Med. Prods., Inc.*, 240 B.R. 290, 300 (BC N.D. Ill. 1999)  *In re Rodriguez,* 895 F.2d 725, 726 (CA11 1990). But, inasmuch as the record reflects that the transfer was made for no consideration, the court will allow the Trustee nominal damages on this count in the amount of one dollar ($1.00).

An appropriate order will be entered.

cc:
Sasan Foroutan, 15604 Indian Run Court, Darnestown, MD 20878
Mitra Foroutan, 15604 Indian Run Court, Darnestown, MD 20878
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850

**End of Supplemental Memorandum**